UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS                        CIVIL ACTION NO.:

*****************************************

DIANE BOOTH and JAMES BOOTH,
            Plaintiffs,

v.

WILLIAM F. SCANNELL, JR., ESQ.;
ANTHONY SALERNO, ESQ. and
SCANNELL AND SALERNO,
            Defendants.

**05-40134 FDS**

*****************************************

## PLAINTIFF'S COMPLAINT

1.    The Plaintiff is Diane Booth, a resident of 11565-D Decatur Street,

      Westminster, CO.

2.    The Plaintiff is James Booth, a resident of 11565-D Decatur Street,

      Westminster, CO.

3.    The Defendant is William F. Scannell, Jr., now or formally a resident of 156

      Newell Road, Holden, County of Worcester, Massachusetts and/or 316 Main

      Street, Worcester, Massachusetts.

4.    The Defendant is Anthony Salerno, now or formally a resident of 316 Main

      Street, Worcester, Massachusetts.

RECEIPT # 404630
AMOUNT $ 250.00
SUMMONS ISSUED 3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8/10/05

5.  The Defendant is Scannell and Salerno, at all relevant times a law firm/business entity/partnership/corporation doing business at/or near 316 Main Street, Worcester, Massachusetts 01608.

6.  This civil complaint seeks compensation on behalf of both Plaintiffs, Diane Booth and James Booth, relative to legal malpractice/professional malpractice and breach of contract of each defendant, including William F. Scannell, Jr., Individually, Anthony Salerno, Individually and the law firm/business known as Scannell and Salerno.

7.  The matter in controversy exceeds $75,000.00 for each individual Plaintiff, and said controversy is between citizens of different states pursuant to 28 USC 1332.

## COUNT I

### DIANE BOOTH - NEGLIGENCE AGAINST
### WILLIAM F. SCANNELL, JR.

8.  The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-7 of this Complaint.

9.  On or about March 6, 1997, the Plaintiff, Diane Booth, was injured in an accident which occurred in the course of her employment.  Said accident

occurred on the business premises owned, operated and controlled by ACT, Inc., located at 2 Cabot Road, Hudson, MA.

10.  On or about February 25, 2000, the Plaintiff, Diane Booth, retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent her in her tort claim for personal injuries stemming from the aforementioned industrial accident.

11.  On or about February 25, 2000, the Plaintiff, James Booth, retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent him in his claim for personal injuries/loss of consortium relative to the aforementioned injuries of his wife, Diane Booth.

12.  On or about March 6, 2000 (the date the Statute of Limitations expired), Attorney Scannell, Attorney Salerno and/or Scannell and Salerno filed a tort suit against ACT, Inc. in the Worcester Superior Court in Worcester, MA.

13.  Attorney Scannell, Attorney Salerno and/or Scannell and Salerno negligently failed to effectuate timely service of process for said lawsuit in accordance with Mass.R.Civ. P. 4 subsequently failed to take the steps necessary to obtain a proper enlargement of time to effectuate service of process, failed to properly plead for the appropriate and necessary relief from the Superior Court concerning service of process and otherwise negligently breached their duty to each Plaintiff and breached their contract.

14.   Attorney Scannell, Attorney Salerno and/or Scannell and Salerno failed to protect and prosecute the rights of Diane Booth and James Booth to recover for their personal injuries stemming from the aforementioned accident and failed to properly, zealously and carefully prosecute the claims of both Diane Booth and James Booth.

15.   Furthermore, the Defendant, William F. Scannell, Jr., Esq., Anthony Salerno, Esq. and/or Scannell and Salerno negligently failed to timely inform and advise the Booths of the dismissal of their case by the Superior Court which deprived each Plaintiff of an opportunity to intervene on their own.

16.   The aforementioned failures constitute a breach of duty by Attorney William F. Scannell, Jr., Attorney Anthony Salerno and/or Scannell and Salerno as owed to the Plaintiff, Diane Booth and the Plaintiff, James Booth.

17.   The aforementioned breaches of duty of Attorney Scannell, Attorney Salerno and/or Scannell and Salerno proximately lead to the dismissal of their tort claims by the Worcester Superior Court and ensuing loss of damages.

18.   The Booth's did not learn of the dismissal of their case until July, 2004.

**WHEREFORE**, the plaintiff, Diane Booth respectfully requests that judgment enter in her favor as against Attorney William F. Scannell, Jr., in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT II

## DIANE BOOTH - NEGLIGENCE AGAINST

## ANTHONY SALERNO

19.   The Defendant, Diane Booth incorporates by reference Paragraphs 1-18 of the
      Complaint.

20.   On or about March 6, 1997, the Plaintiff, Diane Booth, was injured in an
      accident which occurred in the course of her employment.  Said accident
      occurred on the business premises owned, operated and controlled by ACT,
      Inc., located at 2 Cabot Road, Hudson, MA.

21.   On or about February 25, 2000, the Plaintiff, Diane Booth, retained Attorney
      Anthony Salerno, Attorney William F. Scannell, Jr., and the law firm of
      Scannell and Salerno to represent her in her tort claim for personal injuries
      stemming from the aforementioned industrial accident.

22.   On or about February 25, 2000, the Plaintiff, James Booth, retained Attorney
      Anthony Salerno, Attorney William F. Scannell, Jr., and the law firm of
      Scannell and Salerno to represent him in his claim for personal injuries/loss of
      consortium relative to the aforementioned injuries of his wife, Diane Booth.

23.   On or about March 6, 2000 (the date the Statute of Limitations expired),
      Attorney Salerno, Attorney Scannell and/or Scannell and Salerno filed a tort
      suit against ACT, Inc. in the Worcester Superior Court in Worcester, MA.

24.     Attorney Salerno, Attorney Scannell and/or Scannell and Salerno negligently
        failed to effectuate timely service of process for said lawsuit in accordance
        with Mass.R.Civ. P. 4 and subsequently failed to take the steps necessary to
        obtain a proper enlargement of time to effectuate service of process failed to
        properly plead for the appropriate and necessary relief from the Superior
        Court concerning service of process and otherwise negligently breached their
        duty to each Plaintiff and their contractual obligations.

25.     Attorney Salerno, Attorney Scannell and/or Scannell and Salerno failed to
        protect and prosecute the rights of Diane Booth and James Booth to recover
        for their personal injuries stemming from the aforementioned accident and
        failed to properly, zealously and carefully prosecute the claims of both Diane
        Booth and James Booth.

26.     Furthermore, the Defendant, Anthony Salerno, Esq., William F. Scannell, Jr.,
        Esq. and/or Scannell and Salerno negligently failed to timely inform and
        advise the Booth's of the dismissal of their case by the Superior Court which
        deprived each Plaintiff of an opportunity to intervene on their own.

27.     The aforementioned failures constitute a breach of duty by Attorney Anthony
        Salerno, Attorney William F. Scannell, Jr., and/or Scannell and Salerno as
        owed to the Plaintiff, Diane Booth and the Plaintiff, James Booth.

28.     The aforementioned breaches of duty of Attorney Salerno, Attorney Scannell
        and/or Scannell and Salerno proximately lead to the dismissal of their tort
        claims by the Worcester Superior Court.

29.     The Booth's did not learn of the dismissal of their case until July, 2004.

**WHEREFORE**, the plaintiff, Diane Booth respectfully requests that judgment enter in
her favor as against Attorney Anthony Salerno in the amount of $2,000,000.00 together
with interest, costs and attorney's fees as well as any other relief that this Court deems
meet and just.

**COUNT III**

**DIANE BOOTH - NEGLIGENCE AGAINST**

**SCANNELL AND SALERNO**

30.     The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-29 of the
        Complaint.

31.     On or about March 6, 1997, the Plaintiff, Diane Booth, was injured in an
        accident which occurred in the course of her employment.  Said accident
        occurred on the business premises owned, operated and controlled by ACT,
        Inc., located at 2 Cabot Road, Hudson, MA.

32.     On or about February 25, 2000, the Plaintiff, Diane Booth, retained Attorney
        William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of

Scannell and Salerno to represent her in her tort claim for personal injuries stemming from the aforementioned industrial accident.

33.   On or before February 25, 2000, the Plaintiff, James Booth, retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent him in his claim for personal injuries/loss of consortium relative to the aforementioned injuries of his wife, Diane Booth.

34.   On or about March 6, 2000 (the date the Statute of Limitations expired), Attorney Scannell, Attorney Salerno and/or Scannell and Salerno filed a tort suit against ACT, Inc. in the Worcester Superior Court in Worcester, MA.

35.   Attorney Scannell, Attorney Salerno and/or Scannell and Salerno negligently failed to effectuate timely service of process for said lawsuit in accordance with Mass.R.Civ. P. 4, subsequently failed to take the steps necessary to obtain a proper enlargement of time to effectuate service of process, failed to properly plead for the appropriate and necessary relief from the Superior Court concerning service of process and otherwise negligently breached their duty to each Plaintiff.

36.   Attorney Scannell, Attorney Salerno and/or Scannell and Salerno failed to protect and prosecute the rights of Diane Booth and James Booth to recover for their personal injuries stemming from the aforementioned accident and failed to properly, zealously and carefully prosecute the claims of both Diane Booth and James Booth.

37.   Furthermore, the Defendant, William F. Scannell, Jr., Esq. Anthony Salerno, Esq. and/or Scannell and Salerno negligently failed to timely inform and advise the Booth's of the dismissal of the case by the Superior Court which further deprived each Plaintiff of an opportunity to intervene on their own.

38.   The aforementioned failures constitute a breach of duty by Attorney William F. Scannell, Jr.; Attorney Anthony Salerno and/or Scannell and Salerno as owed to the Plaintiff, Diane Booth and the Plaintiff, James Booth.

39.   The aforementioned breaches of duty of Attorney Scannell, Attorney Salerno and/or Scannell and Salerno proximately lead to the dismissal of their tort claims by the Worcester Superior Court.

40.   The Booth's did not learn of the dismissal of their case until July, 2004.

**WHEREFORE**, the plaintiff, Diane Booth respectfully requests that judgment enter in her favor as against Scannell and Salerno in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT IV

## DIANE BOOTH – BREACH OF CONTRACT AGAINST

## WILLIAM F. SCANNELL, JR.

41.    The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-40 of the Complaint.

42.    Diane Booth repeats, reavers and incorporates by reference each proceeding paragraph and counts as if originally set forth herein.

43.    On or about February 25, 2000, the Plaintiff Diane Booth retained Attorney William F. Scannell, Jr., and Attorney Anthony Salerno and entered into a contractual relationship with Attorney William F. Scannell, Jr., Attorney Anthony Salerno, and the law firm of Scannell and Salerno to represent her in her tort claim for personal injuries stemming from an industrial accident occurring on March 6, 2000.

44.    As part of the contract, the Defendant William F. Scannell, Jr. agreed to perform the services faithfully and with due diligence.

45.    The Defendant, William F. Scannell Jr., breached its contract as described above by failing to perform services faithfully and with due diligence and by otherwise failing to perform, as will be shown at trial.

**WHEREFORE**, the plaintiff, Diane Booth respectfully requests that judgment enter in her favor as against Attorney William F. Scannell, Jr. for breach of contract in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT V

## DIANE BOOTH – BREACH OF CONTRACT AGAINST

## ANTHONY SALERNO

46.    The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-45 of the
       Complaint.

47.    Diane Booth repeats, reavers and incorporates by reference each proceeding
       paragraph and counts as if originally set forth herein.

48.    On or about February 25, 2000, the Plaintiff Diane Booth retained Attorney
       Anthony Salerno and Attorney William F. Scannell, Jr. and entered into a
       contractual relationship with Attorney Anthony Salerno, Attorney William
       Scannell, Jr. and the law firm of Scannell and Salerno to represent her in her
       tort claim for personal injuries stemming from an industrial accident occurring
       on March 6, 2000.

49.    As part of the contract the Defendant Anthony Salerno, Esq., agreed to
       perform the services faithfully and with due diligence.

50.    The Defendant, Anthony Salerno, Esq., breached its contract as described
       above by failing to perform services faithfully and with due diligence and by
       otherwise failing to perform, as will be shown at trial.

**WHEREFORE**, the plaintiff, Diane Booth respectfully requests that judgment enter in her favor as against Attorney Anthony Salerno for breach of contract in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

**COUNT VI**

**DIANE BOOTH – BREACH OF CONTRACT AGAINST SCANNELL AND SALERNO**

51.  The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-50 of the Complaint.

52.  Diane Booth repeats, reavers and incorporates by reference each preceding paragraph and count as if originally set forth herein.

53.  On or about February 25, 2000, the Plaintiff Diane Booth retained Attorney William F. Scannell, Jr. and Attorney Anthony Salerno and entered into a contractual relationship with Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent her in her tort claim for personal injuries stemming from an industrial accident occurring on March 6, 2000.

54.  As part of the contract the Defendant William F. Scannell, Jr. and Attorney Anthony Salerno and the law firm of Scannell and Salerno agreed to perform the services faithfully and with due diligence.

55. The Defendant, William F. Scannell Jr. and Attorney Anthony Salerno and the law firm of Scannell and Salerno breached its contract as described above by failing to perform services faithfully and with due diligence and by otherwise failing to perform, as will be shown at trial.

**WHEREFORE**, the plaintiff, Diane Booth respectfully requests that judgment enter in her favor as against Scannell and Salerno for breach of contract in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT VII

## JAMES BOOTH - NEGLIGENCE AGAINST
## WILLIAM F. SCANNELL, JR.

56. The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-55 of the Complaint.

57. On or before March 6, 1997, the Plaintiff, Diane Booth, was injured in an accident which occurred in the course of her employment. Said accident occurred on the business premises owned, operated and controlled by ACT, Inc., located at 2 Cabot Road, Hudson, MA.

58. On or before February 25, 2000, the Plaintiff, Diane Booth, retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of

Scannell and Salerno to represent her in her tort claim for personal injuries stemming from the aforementioned industrial accident.

59. On or about February 25, 2000, the Plaintiff, James Booth, retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent him in his claim for personal injuries/loss of consortium relative to the aforementioned injuries of his wife, Diane Booth.

60. On or about March 6, 2000 (the date the Statute of Limitations expired), Attorney Scannell, Attorney Salerno and/or Scannell and Salerno filed a tort suit against ACT, Inc. in the Worcester Superior Court in Worcester, MA.

61. Attorney Scannell, Attorney Salerno and/or Scannell and Salerno negligently failed to effectuate timely service of process for said lawsuit in accordance with Mass.R.Civ. P. 4 and subsequently failed to take the steps necessary to obtain a proper enlargement of time to effectuate service of process, failed to properly plead for the appropriate and necessary relief from the Superior Court concerning service of process and otherwise negligently breached their duty to each Plaintiff and breached their contract.

62. Attorney Scannell, Attorney Salerno and/or Scannell and Salerno failed to protect and prosecute the rights of Diane Booth and James Booth to recover for their personal injuries stemming from the aforementioned accident and failed to properly, zealously and carefully prosecute the claims of both Diane Booth and James Booth.

63.     Furthermore, the Defendant, William F. Scannell, Jr., Esq., Anthony Salerno, Esq. and/or Scannell and Salerno negligently failed to timely inform and advise the Booth's of the dismissal of the case by the Superior Court which deprived each Plaintiff of an opportunity to intervene on their own.

64.     The aforementioned failures constitute a breach of duty by Attorney William F. Scannell, Jr., Attorney Anthony Salerno and/or Scannell and Salerno as owed to the Plaintiff, Diane Booth and the Plaintiff, James Booth.

65.     The aforementioned breaches of duty of Attorney Scannell, Attorney Salerno and/or Scannell and Salerno proximately lead to the dismissal of their tort claims by the Worcester Superior Court and ensuing loss of damages.

**WHEREFORE**, the plaintiff, James Booth respectfully requests that judgment enter in his favor as against Attorney William F. Scannell, Jr., in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT VIII

## JAMES BOOTH - NEGLIGENCE AGAINST

## ANTHONY SALERNO

66.     The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-65 of the Complaint.

67.     On or before March 6, 1997, the Plaintiff, Diane Booth, was injured in an
        accident which occurred in the course of her employment.  Said accident
        occurred on the business premises owned, operated and controlled by ACT,
        Inc., located at 2 Cabot Road, Hudson, MA.

68.     On or before February 25, 2000, the Plaintiff, Diane Booth, retained Attorney
        Anthony Salerno, Attorney William F. Scannell and the law firm of Scannell
        and Salerno to represent her in her tort claim for personal injuries stemming
        from the aforementioned industrial accident.

69.     On or about February 25, 2000, the Plaintiff, James Booth, retained Attorney
        Anthony Salerno, Attorney William F. Scannell and the law firm of Scannell
        and Salerno to represent him in his claim for personal injuries/loss of
        consortium relative to the aforementioned injuries of his wife, Diane Booth.

70.     On or about March 6, 2000 (the date the Statute of Limitations expired),
        Attorney Salerno, Attorney Scannell and/or Scannell and Salerno filed a tort
        suit against ACT, Inc. in the Worcester Superior Court in Worcester, MA.

71.     Attorney Salerno, Attorney Scannell and/or Scannell and Salerno negligently
        failed to effectuate timely service of process for said lawsuit in accordance
        with Mass.R.Civ. P. 4 and subsequently failed to take the steps necessary to
        obtain a proper enlargement of time to effectuate service of process, failed to
        properly plead for the appropriate and necessary relief from the Superior

Court concerning service of process and otherwise negligently breached their duty to each Plaintiff and their contractual obligations.

72.  Attorney Salerno, Attorney William F. Scannell and/or Scannell and Salerno failed to protect and prosecute the rights of Diane Booth and James Booth to recover for their personal injuries stemming from the aforementioned accident and failed to properly, zealously and carefully prosecute the claims of both Diane Booth and James Booth.

73.  Furthermore, the Defendant, Anthony Salerno, Esq., William F. Scannell, Jr., Esq. and/or Scannell and Salerno negligently failed to timely inform and advise the Booth's of the dismissal of their case by the Superior Court which deprived each Plaintiff of an opportunity to intervene on their own.

74.  The aforementioned failures constitute a breach of duty by Attorney Anthony Salerno, Attorney William F. Scannell and/or Scannell and Salerno as owed to the Plaintiff, Diane Booth and the Plaintiff, James Booth.

75.  The aforementioned breaches of duty of Attorney Salerno, Attorney Scannell and/or Scannell and Salerno proximately lead to the dismissal of their tort claims by the Worcester Superior Court.

**WHEREFORE**, the plaintiff, James Booth respectfully requests that judgment enter in his favor as against Attorney Anthony Salerno in the amount of $2,000,000.00 together

with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT IX

## JAMES BOOTH - NEGLIGENCE AGAINST
## SCANNELL AND SALERNO

76. The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-75 of the Complaint.

77. On or before March 6, 1997, the Plaintiff, Diane Booth, was injured in an accident which occurred in the course of her employment. Said accident occurred on the business premises owned, operated and controlled by ACT, Inc., located at 2 Cabot Road, Hudson, MA.

78. On or before February 25, 2000, the Plaintiff, Diane Booth, retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent her in her tort claim for personal injuries stemming from the aforementioned industrial accident.

79. On or about February 25, 2000, the Plaintiff, James Booth, retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent him in his claim for personal injuries/loss of consortium relative to the aforementioned injuries of his wife, Diane Booth.

80.   On or about March 6, 2000 (the date the Statute of Limitations expired), Attorney Scannell, Attorney Salerno and/or Scannell and Salerno filed a tort suit against ACT, Inc. in the Worcester Superior Court in Worcester, MA.

81.   Attorney Scannell, Attorney Salerno and/or Scannell and Salerno negligently failed to effectuate timely service of process for said lawsuit in accordance with Mass.R.Civ. P.4, subsequently failed to take the steps necessary to obtain a proper enlargement of time to effectuate service of process, failed to properly plead for the appropriate and necessary relief from the Superior Court concerning service of process and otherwise negligently breached their duty to each Plaintiff.

82.   Attorney Scannell, Attorney Salerno and/or Scannell and Salerno failed to protect and prosecute the rights of Diane Booth and James Booth to recover for their personal injuries stemming from the aforementioned accident and failed to properly, zealously and carefully prosecute the claims of both Diane Booth and James Booth.

83.   Furthermore, the Defendant, William F. Scannell, Jr., Esq., Anthony Salerno, Esq., and/or Scannell and Salerno negligently failed to timely inform and advise the Booth's of the dismissal of their case by the Superior Court which further deprived each Plaintiff of an opportunity to intervene on their own.

84.   The aforementioned failures constitute a breach of duty by Attorney William F. Scannell, Jr., Attorney Anthony Salerno and/or Scannell and Salerno as owed to the Plaintiff, Diane Booth and the Plaintiff, James Booth.

85.   The aforementioned breaches of duty of Attorney Scannell, Attorney Salerno and/or Scannell and Salerno proximately lead to the dismissal of their tort claims by the Worcester Superior Court.

**WHEREFORE**, the plaintiff, James Booth respectfully requests that judgment enter in his favor as against Scannell and Salerno in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT X

### JAMES BOOTH – BREACH OF CONTRACT AGAINST
### WILLIAM F. SCANNELL, JR.

86.   The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-85 of the Complaint.

87.   James Booth repeats, reavers and incorporates by reference each proceeding paragraph and counts as if originally set forth herein.

88.   On or about February 25, 2000, the Plaintiff James Booth retained Attorney William F. Scannell, Jr. and Attorney Anthony Salerno and entered into a

contractual relationship with Attorney William F. Scannell, Jr., and the law firm of Scannell and Salerno to represent him in his tort claim for personal injuries stemming from an industrial accident occurring on March 6, 2000.

89.    As part of the written contract the Defendant William F. Scannell, Jr. agreed to perform the services faithfully and with due diligence.

90.    The Defendant, William F. Scannell Jr., breached his contract as described above by failing to perform services faithfully and with due diligence and by otherwise failing to perform, as will be shown at trial.

**WHEREFORE**, the plaintiff, James Booth respectfully requests that judgment enter in his favor as against Attorney William F. Scannell, Jr. for breach of contract in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT XI

## JAMES BOOTH – BREACH OF CONTRACT AGAINST
## ANTHONY SALERNO

91.    The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-90 of the Complaint.

91.    James Booth repeats, reavers and incorporates by reference each proceeding paragraph and counts as if originally set forth herein.

92.   On or about February 25, 2000, the Plaintiff James Booth retained Attorney Anthony Salerno and Attorney William F. Scannell, Jr. and entered into a contractual relationship with Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent him in his tort claim for personal injuries stemming from an industrial accident occurring on March 6, 2000.

93.   As part of the Agreement the Defendant, Anthony Salerno, agreed to perform the services faithfully and with due diligence.

94.   The Defendant, Anthony Salerno, breached his contract as described above by failing to perform services faithfully and with due diligence and by otherwise failing to perform, as will be shown at trial.

**WHEREFORE**, the plaintiff, James Booth respectfully requests that judgment enter in his favor as against Attorney Anthony Salerno for breach of contract in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

## COUNT XII

### JAMES BOOTH – BREACH OF CONTRACT AGAINST
### SCANNELL AND SALERNO

95.   The Plaintiff, Diane Booth incorporates by reference Paragraphs 1-94 of the Complaint.

96.  James Booth repeats, reavers and incorporates by reference each preceding paragraph and count as if originally set forth herein.

97.  On or before February 25, 2000, the Plaintiff James Booth retained Attorney William F. Scannell, Jr., Attorney Anthony Salerno and entered into a contractual relationship with Attorney William F. Scannell, Jr., Attorney Anthony Salerno and the law firm of Scannell and Salerno to represent him in his tort claim for personal injuries stemming from an industrial accident occurring on March 6, 2000.

98.  As part of the contact the Defendant William F. Scannell, Jr. and Anthony Salerno and the law firm of Scannell and Salerno, agreed to perform the services faithfully and with due diligence.

99.  The Defendant, William F. Scannell Jr. and Anthony Salerno and the law firm of Scannell and Salerno breached its contract as described above by failing to perform services faithfully and with due diligence and by otherwise failing to perform, as will be shown at trial.

**WHEREFORE**, the plaintiff, James Booth respectfully requests that judgment enter in his favor as against Scannell and Salerno for breach of contract in the amount of $2,000,000.00 together with interest, costs and attorney's fees as well as any other relief that this Court deems meet and just.

Respectfully submitted,
Diane Booth and James Booth
By their attorney,


Christopher N. Hug, Esq.
BBO #: 546960
The Law Office of
  Christopher N. Hug
21 Merchants Row, 3rd Floor
P.O. Box 961237
Boston, MA 02196


Dated: August 9, 2005

05-40134 FDS

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Diane Booth
James Booth

**DEFENDANTS** William F. Scannell, Jr., Anthony Salerno, and Scannell and Salerno

**(b)** County of Residence of First Listed Plaintiff  Colorado
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Worcester
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-227-0400
Christopher N. Hug, Esq.
P.O. Box 961237, Boston, MA 02196

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Legal Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  $2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  8/9/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05-40134** **FDS** 

1. Title of case (name of first party on each side only)   DIANE BOOTH V. WILLIAM F. SCANNELL, JR.,

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

 ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

 ___  II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

 _X_  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

 ___  IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

 ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                          YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                          YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                          YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                          YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                          YES ☒    NO ☐

    A.   If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☐     Central Division ☒     Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?   (If yes, submit a separate sheet identifying the motions)

                          YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Christopher N. Hug, Esq.

ADDRESS  P.O. Box 961237, Boston, MA 02196

TELEPHONE NO.  617-227-0400

(CategoryForm.wpd -5/2/05)