UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANE BOOTH and JAMES BOOTH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | 05-40134-FDS |
| ) | |
| WILLIAM SCANNELL, JR., ) | |
| ) | |
| Defendant. ) | |

ORDER ON PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT

**SAYLOR, J.**

Plaintiffs Diane Booth and James Booth have moved this Court to enter a default judgment against defendant William Scannell, Jr.

The Court has discretion to enter a judgment by default pursuant to Fed. R. Civ. P. 55(b)(2) when the moving party has demonstrated that the requirements of that rule are met and the Court is satisfied that judgment should be entered. The moving party must demonstrate, among other things, that the party against whom judgment is sought is not an infant or an incompetent person (unless represented in the action by a guardian or similar representative); that the Court has jurisdiction over the party against whom judgment is sought and over the subject matter of the suit; that liability has otherwise been established; and that damages have been proved by record evidence. *See generally Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002); 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685 (1998).

In the exercise of its discretion to determine whether judgment should enter, the Court

orders that plaintiffs submit the following:

(1) Affidavits and supporting documentation, as necessary, concerning (a) whether defendant is an infant, incompetent person, or a person in the military service of the United States and (b) whether plaintiffs received any payments in settlement of the claims that they brought in this case against either Anthony Salerno, Esq. or the law firm of Scannell and Salerno, or both, and if so, how much and for what categories of damages (e.g., lost wages, medical bills, pain and suffering, etc.);

(2) If any payments in settlement of the claims brought against either Anthony Salerno, Esq. or the law firm of Scannell and Salerno were made, a legal memorandum setting forth whether such payment(s) should reduce the damages award plaintiffs seek for damages claimed to have been caused by William Scannell, Jr., Esq.; and

(3) Revised versions of the Sworn Affidavit of Diane R. Booth, and the Sworn Affidavit of James P. Booth, such that the revised versions are "signed[] and verified by electronic means" pursuant to Local Rule 5.4, and contain a "/s/ name of signatory" block indicating that the paper document bears an original signature and is retained by the attorney for the requisite period of time, pursuant to the Electronic Case Filing Administrative Procedures of the United States District Court for the District of Massachusetts (available on the public information page of the Court's website, www.mad.uscourts.gov).

**So Ordered.**

Dated: May 3, 2006

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge